# Exhibit 2

Hearing Date: 11/28/2023 9:30 AM
Location: Court Room 2305
Judge: Mclean Meyerson, Pamela

FILED
7/31/2023 12:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH07004
Calendar, 11
23755994

FILED DATE: 7/31/2023 12:43 PM  2023CH07004

RECEIVED
AUG 14 2023
STATE OF ILLINOIS
DEPARTMENT OF INSURANCE
SPRINGFIELD

56.4228

Firm No.: 62491

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| WEST BEND MUTUAL INSURANCE COMPANY, | ) |
| | ) 2023CH07004 |
| -v.- *Plaintiff,* | ) |
| | ) |
| | ) |
| ACE AMERICAN INSURANCE COMPANY and | ) |
| AHSAN KHAN, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, WEST BEND MUTUAL INSURANCE COMPANY ("West Bend"), by and through its attorneys, and for its Complaint for Declaratory Judgment against the Defendants, ACE AMERICAN INSURANCE COMPANY ("ACE") and AHSAN KHAN ("Khan"), alleges as follows:

### Introduction

1. West Bend seeks a declaration that ACE owes a duty to defend and indemnify West Bend's named insured, T.H. Ryan Cartage Company ("TH Ryan"), under a policy that ACE issued to its named insured, Packaging Corporation of America ("PCA"), against claims asserted by Khan in a case styled as *Khan v. T.H. Ryan Cartage Company*, Case No. 20-L-5264, filed in the Circuit Court of Cook County, Illinois ("the Khan lawsuit").

2. West Bend seeks a further declaration that ACE is estopped from denying coverage because, for over two years, it has failed to take any action whatsoever in response to TH Ryan's tender of defense and indemnity.

## The Parties

3. West Bend is a Wisconsin domiciled insurance company duly licensed and authorized to issue insurance policies in the state of Illinois.

4. ACE is a Pennsylvania domiciled insurance company duly licensed and authorized to issue insurance policies in Illinois.

5. Upon information and belief, Khan is an individual residing in DuPage County, Illinois. He is named herein only in that he may be deemed a necessary party with an interest in the subject matter of this action. West Bend seeks no relief from him, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought herein. If he will sign a stipulation to that effect, then West Bend will voluntarily dismiss him as a defendant.

## The Khan Lawsuit

6. On May 13, 2020, Khan filed a personal injury lawsuit against TH Ryan and PCA in the Circuit Court of Cook County, Illinois, Case No. 20-L5264 ("the underlying complaint"). A true and correct copy of the underlying complaint is attached as **Exhibit A**.

7. Khan alleges that on June 7, 2019, he was injured when improperly secured goods fell from a trailer and hit him.

8. The underlying complaint contains identical allegations of negligence against TH Ryan and PCA, alleging that each owned the trailer and negligently loaded it, acting "through its agents and/or employees."

## The ACE Policy

9. ACE issued a business auto liability policy to PCA, Policy No. ISA H25275214, effective February 22, 2019, to February 22, 2020, with a $3,000,000 per accident limit ("the ACE policy"). A complete copy of the ACE policy is attached as **Exhibit B.**

10. The ACE policy defines "covered auto" as "any auto", (**Ex. B** at ACE000002, Declarations), and contains the following language:

> **A SECTION II – COVERED AUTOS LIABILITY COVERAGE\*\*\***
>
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".\*\*\*
>
> **1. Who Is An Insured**
>
> The following are "insureds":
>
> a. You for any covered "auto".
>
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow\*\*\*
>
> c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.\*\*\*

(**Ex. B** at ACE000018-19.)

\*\*\*

## TH Ryan's Multiple Attempts to Secure its Coverage from ACE

11. In correspondence dated March 26, 2021, TH Ryan advised PCA, through counsel, that the ACE policy provided coverage to TH Ryan for the Khan lawsuit, such that ACE owed TH Ryan a duty to defend. A copy of the March 26, 2021 correspondence is attached as **Exhibit C.**

12. In subsequent correspondence, PCA's counsel ultimately rejected that position, opining that the ACE policy did not provide coverage to TH Ryan.

3

13. Despite ACE being on notice of those communications, TH Ryan did not receive any response from ACE regarding its request for coverage.

14. Accordingly, in correspondence dated June 21, 2021, TH Ryan wrote to ACE directly to tender its defense and indemnity for the Khan lawsuit. A copy of the June 21, 2021 correspondence is attached as **Exhibit D**.

15. ACE never responded to TH Ryan's June 21, 2021 correspondence or filed a declaratory judgment action to assert any defense to coverage.

16. On February 13, 2023, West Bend sent another letter to ACE, requesting that it participate on behalf of TH Ryan in a March 14, 2023 mediation in the Khan lawsuit. A copy of the February 13, 2023 correspondence is attached as **Exhibit E**.

17. ACE did not respond to West Bend's February 13, 2023 correspondence or participate in the March 14, 2023 mediation.

18. The March 14, 2023 mediation was not successful.

19. On June 6, 2023, West Bend sent yet another letter to ACE requesting its participation in the case on behalf of TH Ryan. A copy of the June 6, 2023 correspondence is attached as **Exhibit F**.

20. To date, ACE has not responded to West Bend's June 6, 2023 correspondence or taken any other action to address coverage for TH Ryan in the Khan lawsuit.

## Coverage Allegations

### Count I
### ACE Has a Duty to Defend and Indemnify TH Ryan

21.     West Bend restates and incorporates the allegations in paragraphs 1 through 20 above, as if set forth fully herein.

22.     Under the ACE policy, ACE agrees to "pay all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto'," where the term "auto" refers to "any 'auto'." (**Ex. B** at ACE000002, Declarations; ACE000018, Form CA 00 01 10 13, Section II.A.)

23.     Here, the Khan lawsuit alleges bodily injury caused by an accident and resulting from the ownership, maintenance, or use of an auto, so the coverage grant of the policy is satisfied.

24.     The policy's definition of an "insured" includes "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow…" (**Ex. B** at ACE000018, Form CA 00 01 10 13 at Section II.A.1.b).

25.     The definition of "insured" also includes "[a]nyone liable for the conduct of an 'insured' described above [i.e., PCA] but only to the extent of that liability" (**Ex. B** at ACE000019, Form CA 00 01 10 13 at Section II.A.1.c.).

26.     Here, the underlying complaint contains identical allegations of negligence against TH Ryan and PCA relative to ownership, use, and loading of the trailer at issue, alleging that each entity was negligent "through its agents and/or employees."

27.     TH Ryan qualifies as an "insured" under the policy because the underlying complaint alleges a potential that TH Ryan was a permissive user of an "auto" owned, hired, or

5

borrowed by PCA or a potential that TH Ryan could be held vicariously liable for PCA's conduct in using the trailer.

28. For these reasons, ACE has a duty to defend and indemnify TH Ryan with respect to the Khan lawsuit.

WHEREFORE, Plaintiff West Bend requests that this Court enter an Order declaring that ACE has a duty to defend and indemnify TH Ryan in the Khan lawsuit, and for any such other relief as this Court deems just and appropriate.

### Count II
### ACE is Estopped to Deny Coverage

29. West Bend restates and incorporates the allegations in paragraphs 1 through 28 above, as if set forth fully herein.

30. Despite ACE being on notice of its duty to defend TH Ryan for over two years, it has taken no action whatsoever to respond to TH Ryan's tender of defense and indemnity.

31. Specifically, ACE has failed to defend TH Ryan in the Khan lawsuit, has failed to seek a declaratory judgment that coverage is not owed to TH Ryan, and has failed to even acknowledge TH Ryan's request for coverage at all.

32. Due to its more than two years of inaction, ACE is now estopped from asserting any defense to coverage with respect to its duty to defend or duty to indemnify TH Ryan in the Khan lawsuit.

WHEREFORE, Plaintiff West Bend requests that this Court enter an Order declaring that ACE is estopped from raising any policy defense to coverage for TH Ryan with respect to the Khan lawsuit and, accordingly, that ACE owes TH Ryan an unqualified duty of defense and indemnity with respect to the Khan lawsuit, and for any such other relief as this Court deems just and appropriate.

FILED DATE: 7/31/2023 12:43 PM 2023CH07004

Respectfully submitted,
**WEST BEND MUTUAL INSURANCE COMPANY**

*/s/ Christopher J. Pickett*
By: Christopher J. Pickett, one of the Attorneys for West Bend Mutual Insurance Company

Christopher J. Pickett (Atty ARDC 6287096)
Brendan C. Ross (Atty ARDC 6310042)
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
cpickett@lpplawfirm.com
312-596-7779
bross@lpplawfirm.com
312-725-5202
Firm No.: 62461

7